Battle, J.
The cases of Meyer v. Tharpe, 5 Taun. Rep. 74 ; Smith v. Watson, Barn. & Cres., 401, (9 Eng. C. L. Rep. 122) Ex parte Hamper, 17 Ves. Jun. 404 ; Reid v. Austin, 17 Mass. Rep. 197; and Turner v. Bissell, 14 Pick. Rep. 192, cited by the defendant’s counsel, (and the authority of which the plaintiff’s counsel admit that they cannot dispute,) fully support the position that the contract between the defendant and Burgess did not give the latter any interest in the lumber in question. It . was not, therefore, liable to be levied on and sold as the property of Burgess under the plaintiff’s execution ; and he acquired no title by his purchase. The judgment must be affirmed.
Per Curiam. Judgment affirmed.